## THE PIERCE CITY NATIONAL BANK, Appellant, v. H. C. HUGHLETT et al., Respondents.

### St. Louis Court of Appeals, April 24, 1900.

1. **Bank: POWER OF OFFICERS OF BANK TO RELEASE A SURETY: AGENT OF BANK: BOARD OF DIRECTORS OF BANK: EVIDENCE.** It may be conceded that the power of an officer, or agent, of a bank to release a surety without payment is not within his implied powers, but such power can be conferred by direct action on the part of the board of directors of the bank, and this need not be shown by the record of the board, but may be inferred from evidence of a general course of dealing, or from proof that the officer, or agent, had been entrusted with the entire management of the business of the bank.

2. **Corporation: RATIFICATION OF ACT OF AGENT OF CORPORATION.** Where an unauthorized act of an agent of a corporation is clearly beneficial to the corporation, a presumption of ratification will arise from slight circumstances.

3. **Judgment: ERROR: PRACTICE, APPELLATE.** To authorize a reversal of a judgment for error in obtaining it, the appellate court must be satisfied that the error complained of materially affects the merits of the action.

Appeal from the Lawrence Circuit Court.—*Hon. Henry Clay Pepper*, Judge.

AFFIRMED.

*Thos. Carlin* for appellant.

(1) It was error in the court, over the objections of plaintiff, to allow defendant Hughlett to state that the president of plaintiff bank promised to release defendants from their liability on the notes if they would procure a chattel mortgage from Stockstill, when there had been no testimony introduced tending to show that said president had authority to make such a promise. Representations made by a cashier of a bank to a surety that the latter will no longer be looked to for payment, will not bind the bank, nor will the bank be estopped to assert its claim by reason of such assurance. Tiedeman on Commercial Paper, pp. 192-195, secs, 120, 121; Savings Bank v. Hughes, 62 Mo. App. 576; Chew v. Ellingwood, 86 Mo. 260; Savings Ass'n v. Sailer, 63 Mo. 24; Bank v. Haskell, 51 N. H. 116; Story on Agency (5 Ed.), 99 and 115. Section 5145 of the National Bank Act provides: "The affairs of each association shall be managed by not less than five directors, who shall be elected by the shareholders." Section 5136 provides that such association shall have power by its directors to appoint a president, cashier and other officers, prescribe their duties, fix penalties, dismiss such officers, or any of them at pleasure, and appoint others to fill their places. (2) Where the president exercises the functions of a cashier, the bank will be bound only by such acts of his as belong *virtue officii* to the office of cashier. Simons v. Fisher, 55 Fed. Rep. 905. An agent can not without explicit authority receive anything but money in liquidation of a debt. Tiedeman on Commercial Paper,

p. 376, sec. 375. (3) It was error in the court, over the objections of plaintiff to allow Stockstill to testify that Scott. "told me to go ahead with this stock as I always had, and dispose of it and do as I pleased with it, the same as I always had." Scott had no authority as agent of the plaintiff to grant such privilege; other principals to the notes would not have been released from payment any more than Stockstill. The court erred in allowing defendant Hughlett to testify that he received no consideration for the note and witness Stockstill to testify that large sums had been received by plaintiff which were not set out in the pleadings. This evidence was misleading to the jury, and prejudicial to plaintiff, for at the time plaintiff was not prepared to show by the sheriff's return that the whole sum received in excess of the $890, had been applied to the payment of costs. The sheriff's return was the only proper evidence. Stockstill testified that plaintiff would receive no property except by attachment. Objections were timely made and should have been sustained. Dawson v. Quillen, 61 Mo. App. 672; R. S. 1889, sec. 2075.

*R. H. Davis* for respondents.

(1) The judgment in this case was eminently right and proper for the following reasons: First, defendants were released from liability on the notes sued on by reason of the statements of Mr. Scott. Second, it was the duty of the bank to make the chattel mortgage security effective and available. Third, the proceeds realized from sale of cattle under chattel mortgage by the bank were sufficient to pay these notes and should have been credited thereon. (2) It is a general rule in the law of agency that the authority of the agent must be either express or implied; and this rule applies with equal force to officers of national banks. Craw-

ford v. Bank, 67 Mo. App. 43. And "the authority of subordinate agents of a corporation often depends on the course of dealing which the company or its directors have sanctioned." 1 Morawetz on Private Corp. (2 Ed.), sec. 509; Bank v. Bank, 107 Mo. 145. The evidence tended, very strongly to show that it was the usual course of business of plaintiff bank for Mr. Scott to make loans, pass upon the security offered, take renewals and new securities without any action or suggestion from the board of directors or discount committee. This being so, Mr. Scott had the implied authority from his principal to make the release claimed to have been made in this case. And having the power to make the release, he had, of course, the power to make the statements attributed to him.

BIGGS, J.—This is an action on three notes. The first is dated June 9, 1893, for $300, due thirty days after date; the second is dated July 8, 1893, for $400, due in ninety days, and the third is dated July 11, 1894, for $300, due sixty days after its date. The notes were signed by one W. D. Stockstill and the defendants, and it is recited in the notes that the parties executed them as principals.

The defendants admitted the execution of the notes. They interposed two defenses. The first defense is to the effect that the defendants Hughlett and Bowman were accommodation makers for Stockstill; that the officers of the plaintiff bank knew this; that in addition to the indebtedness represented by the notes, Stockstill owed the plaintiff a large sum of money, to wit, about $2,700; that at the time Stockstill owned a large amount of personal property of the value of about $5,000; that the president of the plaintiff offered and promised to release the defendants from the notes if they would induce Stockstill to execute to the plaintiff a chattel mortgage on said property to secure the whole of his

aforesaid indebtedness, and that subsequently, to wit, in October, 1894, the defendants did induce Stockstill to give the mortgage, whereby the defendants claimed that they were released of all liability.

As a second defense the defendants re-stated that as to Stockstill they were sureties on the notes in suit; that the officers of the plaintiff knew this, and that for the purpose of securing these notes and the other indebtedness of Stockstill the mortgage in question was obtained, and that subsequently the officers of the plaintiff knowingly and willingly permitted Stockstill to sell the bulk of the mortgaged property and to appropriate the proceeds to his own use. The defendants then claimed and averred that the property so mortgaged was of sufficient value to pay all of Stockstill's indebtedness, and that by reason of the conduct of plaintiff's officers in allowing Stockstill to wrongfully convert the property the defendants were released from liability on the notes. On a trial before a jury the issues were found for the defendants and the plaintiff has appealed.

The defendant Hughlett testified that the president of the bank made the agreement with him that if the defendants should induce Stockstill to give the mortgage mentioned they would be released from the notes. The plaintiff objected to this testimony. It may be conceded that the power of an officer or agent of a bank to release a surety without payment is not within his implied powers, but such a power can be conferred by direct action on the part of the board of directors of the bank, and this need not be shown by the records of the board, but may be inferred from evidence of a general course of dealing, or from proof that the officer or agent had been intrusted with the entire management of the business of the bank. Savings Bank v. Hughes, 62 Mo. App. 576; Washington Bank v. Butchers' Bank, 107 Mo. 133. There was evidence that Scott, the president of

the bank, assumed, when present, the entire control over the negotiations of loans, and he himself testified that he "had authority to make loans; to take security, to take renewals and new securities." This made the testimony of Hughlett competent. Besides his testimony was rendered admissible on the theory of ratification. The contract testified to by Hughlett was not one of voluntary release, but was an agreement to accept new and adequate security for the entire indebtedness of Stockstill, and in consideration of this he agreed to release the partial security which the bank held. Accepting Hughlett's statement, this arrangement was clearly to the advantage of the bank. Subsequently the bank availed itself of the new security or what was left of it, which afforded some evidence of ratification by it of the alleged unauthorized act of its president. Mr. Morawetz says: "Where an unauthorized act of an agent of a corporation is clearly beneficial to the corporation, a presumption of ratification will arise from slight circumstances." 2 Morawetz on Private Corp., sec. 629. We conclude that the testimony excepted to was properly admitted, and we will therefore overrule the assignment.

The plaintiff complains of the following instruction given for the defendants: "The court instructs the jury [that if they believe from the evidence] that defendants signed the notes sued on in this action for the accommodation of said Stockstill and that Stockstill received to his own use the money obtained on said notes, and that plaintiff knew that they signed the same for the accommodation of Stockstill, and Stockstill received all the money so obtained on said notes, and that afterwards plaintiff by its officers, and that said officers were duly authorized and empowered so to do, represented and stated to defendants or either of them that plaintiff would release and discharge defendants or the one to whom said representations were made from all fur-

ther liability on said notes, if they or either of them would induce and procure said Stockstill to give to plaintiff a chattel mortgage or lien on a sufficient amount of property to pay off and discharge said notes and that defendants or either of them relied upon such statements and by reason of reliance on such statements and representations refrained and desisted from taking to themselves or either of them security from said Stockstill to secure themselves or himself against loss by reason of any payment that he or they might be compelled to make on said notes, and that defendants or either of them induced and procured said Stockstill to give to plaintiff said chattel mortgage read in evidence and that the same covered a sufficient amount of property to pay off and discharge said notes, then you will find the issues for the defendants."

In setting forth the foregoing instruction we have supplied that portion in brackets, it having been omitted. That the instruction as read to the jury is subject to objection, can not be questioned, but in view of the plaintiff's instructions in which the facts were hypothetically stated, the conclusion must be that the jury was not misled and induced to believe that the facts stated in the instruction were to be accepted by them as true.   To authorize a reversal of a judgment for error in obtaining it, the appellate court must be satisfied that the error complained of materially affects the merits of the action.   R. S. 1899, sec. 865.

What we have said in discussing the first assignment answers the plaintiff's exception to the refusal of the court to give the fourth instruction asked by it.

There are other exceptions discussed in the briefs which we will not notice.   It seems to us that the case has been fairly tried, and the judgment of the circuit court will therefore be affirmed.

All concur.   Judge *Bond* in the result only.